IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| PLAINTIFF, | CIVIL ACTION NO. |
| v. | |
| $800,000.00 IN FUNDS SEIZED FROM WASHINGTON FEDERAL BANK ACCOUNT NUMBER ENDING 7410 HELD IN THE NAME OF PUNKIN, LLC, | |
| DEFENDANT. | |

## VERIFIED COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff United States of America, by Ryan K. Buchanan, United States Attorney, and Nicholas L. Evert, Assistant United States Attorney, for the Northern District of Georgia, and shows the Court the following in support of its Verified Complaint for Forfeiture:

## NATURE OF THE ACTION

1.  This is a civil forfeiture action against funds seized from a bank account held in the name of Punkin, LLC arising from a business email compromise scheme.

1

## THE DEFENDANT IN REM

2. The defendant property consists of $800,000.00 in funds that the Federal

   Bureau of Investigation ("FBI") seized, pursuant to a Federal seizure warrant,

   on or about January 17, 2024, from Washington Federal Bank account number

   ending 7410, held in the name of Punkin, LLC ("Defendant Funds").

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28

   U.S.C. §§ 1345 and 1355.

4. This Court has *in rem* jurisdiction over the Defendant Funds pursuant to 28

   U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture

   occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because

   acts or omissions giving rise to the forfeiture occurred in this district.

6. The Defendant Funds are presently being held in a government account

   maintained by the United States Marshals Service.

## BASIS FOR FORFEITURE

### Relevant Statutes

7. The Defendant Funds are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that the funds constitute or were derived from proceeds traceable to a violation of 18 U.S.C. § 1341 (mail fraud).

8. The Defendant Funds are also subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that the funds constitute or were derived from proceeds traceable to a violation of 18 U.S.C. § 1343 (wire fraud).

9. The Defendant Funds are also subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) on the grounds that the funds constitute property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957 (money laundering), or are property traceable to such property.

### Factual Background

10. An investigation by the Federal Bureau of Investigation revealed the following:

*Relevant Definitions and Parties*

11. A business email compromise scheme is perpetuated by individuals who compromise legitimate business email accounts through social engineering or

3

computer intrusion techniques in order to defraud legitimate businesses and individuals into transferring funds to the perpetrator(s).

12. Company A is a healthcare provider located in Atlanta, Georgia.

13. Company B is a legitimate furniture vendor.

14. Company B is an authorized vendor of Company A.

*The Business Email Compromise Scheme*

15. On or about June 6, 2023, unknown conspirators emailed Company A, using an email account that appeared to come from Company B, to request that Company A change the banking information for payments to be made to Company B.

16. In response, a Company A employee emailed the conspirators an Automated Clearing House (ACH) enrollment form that Company A typically required its vendors to complete for electronic transfers of funds.

17. On or about June 9, 2023, the conspirators emailed the completed ACH enrollment form back to Company A, identifying a JPMorgan Chase account ending in 0497 (hereinafter "JPMC 0497") as the account to receive electronic transfers purportedly for Company B.

18. Based on the false representation that JPMC 0497 was Company B's true bank account, on or about June 13, 2023, Company A sent $5,347,687.09 to JPMC 0497 as payment for a legitimate invoice.

19. Approximately two weeks later, on or about June 23, 2023, the real Company B requested payment of the $5,347,687.09 invoice from Company A.

20. At that point, Company A learned that JPMC 0497 did not belong to Company B, and that Company B had never emailed Company A to change its banking information.

*The $5 million payment from Company A Is Deposited into JPMC 0497 and Mailed to Punkin LLC*

21. At the beginning of June 2023, JPMC 0497 had a balance of $433.09.

22. From June 1, 2023, through June 13, 2023, JPMC 0497 received $28,830.85 in deposits.

23. On or about June 14, 2023, $5,347,687.09 from Company A was electronically deposited into JPMC 0497.

24. The next day, on or about June 15, 2023, cashier's check no. 9597909456, dated June 15, 2023, made payable to PUNKIN LLC, in the amount of $800,000, was drawn on this account.

25. PUNKIN LLC is a limited liability company registered in the State of Oregon.

26. PUNKIN LLC's principal place of business is 3653 S Pacific Highway, SPC 15, Medford, Oregon, 97501.

27. The registered agent of PUNKIN LLC is Robin BURNETT.

28. On or about June 21, 2023, the owner of JPMC 0497 shipped a package via United Parcel Service addressed to PUNKIN LLC, 3653 S Pacific Highway SPC 15, Medford, Oregon 97501.

29. The documentation associated with shipping the package described the contents as "check."

30. The package was delivered to PUNKIN LLC, 3653 S Pacific Highway SPC 15, Medford, Oregon 97501 on June 22, 2023.

*The Cashier's Check Is Deposited into Washington Federal Bank Account Number Ending 7410*

31. Washington Federal Bank account number ending 7410 was opened in the name of PUNKIN LLC on or about June 23, 2023, that is, one day after the cashier's check described above in Paragraphs 24 & 28–30 was delivered.

32. The sole authorized signer on the account is Robin BURNETT.

33. On the same date that the account was opened, cashier's check no. 9597909456, dated June 15, 2023, made payable to PUNKIN LLC, in the amount of $800,000, was deposited into the account.

34. On or about June 28, 2023, Washington Federal Bank froze the funds in the account based on suspicion of fraud.

## FIRST CLAIM FOR FORFEITURE
## 18 U.S.C. § 981(a)(1)(C)

35. The United States re-alleges and incorporates by reference Paragraphs 1 through 34 of this Indictment as if fully set forth herein.

36. Based on the foregoing, the Defendant Funds are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that the funds constitute or were derived from proceeds traceable to a violation of 18 U.S.C. § 1341 (mail fraud).

## SECOND CLAIM FOR FORFEITURE
## 18 U.S.C. § 981(a)(1)(C)

37. The United States re-alleges and incorporates by reference Paragraphs 1 through 34 of this Indictment as if fully set forth herein.

38. Based on the foregoing, the Defendant Funds are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) on the grounds that the funds constitute or were derived from proceeds traceable to a violation of 18 U.S.C. § 1343 (wire fraud).

## THIRD CLAIM FOR FORFEITURE
### 18 U.S.C. § 981(a)(1)(A)

39. The United States re-alleges and incorporates by reference Paragraphs 1 through 34 of this Indictment as if fully set forth herein.

40. Based on the foregoing, the Defendant Funds are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A) on the grounds that the funds constitute property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957 (money laundering), or are property traceable to such property.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays:

    (1)    that the Court forfeit the Defendant Funds to the United States of America;

    (2)    that the Court award the United States the costs of this action; and

(3)    such other and further relief as the Court deems just and proper.


This 28th day of June, 2024.


Respectfully submitted,

RYAN K. BUCHANAN
    *United States Attorney*
    *600 U.S. Courthouse*
    *75 Ted Turner Drive SW*
    *Atlanta, GA 30303*
    *(404) 581-6000   fax (404) 581-6181*


/s/   Nicholas L. Evert
        *Assistant United States Attorney*
    Georgia Bar No. 693062
    Nicholas.Evert@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

        PLAINTIFF,

        *v.*

$800,000.00 IN FUNDS SEIZED FROM
WASHINGTON FEDERAL BANK
ACCOUNT NUMBER ENDING 7410
HELD IN THE NAME OF PUNKIN, LLC,

        DEFENDANT.

CIVIL ACTION NO.

## **VERIFICATION OF COMPLAINT FOR FORFEITURE**

I, Gaston Merideth, have read the Complaint for Forfeiture in this action and state that its contents are true and correct to the best of my knowledge and belief based upon my personal knowledge of the case and upon information obtained from other law enforcement personnel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This 28 day of June 2024.

Gaston Merideth
Special Agent
Federal Bureau of Investigation

1